NAACP v. East Ramapo Central School District. Good morning, counsel. Good morning, Your Honor. May it please the court, my name is Randall Levine for appellants. This is a Voting Rights Act case against a public school board. Your clients, the appellants, are non-parties, correct? Correct. The appellants are non-party school board members who were served with deposition subpoenas in the case. And the main question here is whether legislative immunity can apply to non-party subpoenas. What if it's just legislative privilege? Do we have jurisdiction without you being held in contempt? Well, yes, and it doesn't matter what the court calls it, whether it calls it legislative immunity or legislative privilege. What matters is where the protection comes from in this context. And here it comes from the immunity conferred by the speech or debate clause that's been extended. It doesn't matter to jurisdiction, appellate jurisdiction, whether it's immunity or privilege? I have trouble with that because the immunity exception or the collateral order exception applies to one and not the other. That was my understanding. Mine as well, Your Honor. Because this is an immunity, right, the collateral order doctrine— I'm not certain it's an immunity. I'm not even certain that the question's related to their legislative tasks at all. But assume that it's legislative immunity versus privilege. Describe the difference. Well, the protection in and of itself is a common law extension from the speech or debate clause. I don't think there's any dispute about that, whether you call it an immunity or privilege. The dispute is whether the questions and the testimonies sought go to the legislative responsibilities. Well, I think that question actually might be distinct from the jurisdictional question because the jurisdictional question is just about the collateral order doctrine and whether, if there is a good-faith claim of immunity, this court can exercise jurisdiction to decide that question. Unless the immunity is—the claim is ill-founded. Well, that's actually not the standard that the Court has applied in other cases. But it's the standard that we're going to apply now, whether you really have a right to legislative immunity, and if so, we have jurisdiction. If it's legislative privilege, as Judge Winter suggests, you can't use the collateral order doctrine until you're held in contempt. Well, in the San Filippo case, just for an example, the Court held that it may exercise jurisdiction over non-final orders where defendants have a non-frivolous claim of absolute immunity. And that's the claim here. Right, but the problem for you is that immunity is usually used in connection with suit. You can't be sued. And that's not your client's situation. They're being called as witnesses. And the notion there is that they don't have immunity. They may have a privilege. And in that—but in that sense, they have to take a contempt. Immunity will get you an immediate appeal because the person—the law does not view an immunized person as having to answer in court for his or her actions. That's very different from when one is a witness. It would be, except the premise of the question is incorrect. Immunity from suit includes immunity from discovery. And, in fact, every federal court of appeals— Because you're being sued. I mean, I think—why don't you assume for a moment that it's privilege, and then we'll talk about if it's immunity. But if it is only a privilege that you hold as a witness, why does your client not have to take a contempt? Well, for the same reason that if the board members had been sued in the case, they don't have to take a contempt. There shouldn't be a distinction between whether you're a third-party witness or a defendant. Well, that is for witnesses who don't have any claim of absolute immunity. No, people take contempt because they've taken immunity all the time. As a prostitute, I was before this court three times with a congressman claiming legislative immunity. So this has ample support in our precedent. You have to take a contempt. And the reason is what Judge Friendly said, is that it concentrates people's attention, and it forces witnesses to decide if they really want to take a contempt, and it forces the party seeking to compel them to decide whether they really want to delay things while they litigate further. But this court has never required sitting legislators to take a contempt to vindicate a claim of legislative immunity. Legislative privilege, we think, not immunity. Well, the privilege is an extension of the legislative immunity. In fact, the D.C. Circuit and other courts of appeals have held explicitly that a third-party subpoena served on a legislator, the legislator can invoke legislative immunity from that compelled process. The topics relate to the legislative duties. The topics here, I think, do not relate to the legislative duties. I think they're much more political. They ask about questions with constituents. They ask about campaign materials. Those are not within the legislative scope of permission. Well, the topics are exceedingly broad, and particularly the one you just mentioned, which relates to any form of communications whatsoever with constituents about any policy that the board may have adopted. And as the D.C. Circuit held, actually, in the Menpeco case and also in the Brown and Williams case, that the analysis shouldn't be on a question-by-question basis about whether a particular question involves a particular legislative activity. Once the case is found to involve a legislative activity, that should put a stop to the discovery of the sitting legislators. That's the way to effectuate the purposes of legislative immunity. The court did indicate that it would entertain objections on a question-by-question basis. So way down the road, not where we are today, but way down the road, if your client feels he's asked that, the judge has left open the door to you in making that objection to individual questions. That's correct. And that approach doesn't serve the purposes of legislative immunity. It ultimately imposes all of the burden on sitting legislators that immunity is supposed to prevent. That is true when you're being sued. But not when you're a witness. The law is quite the contrary. It presumes the entitlement to every person's evidence. Now, if you have a valid claim of privilege, of course you can invoke it and the court will rule on it. But you don't get just not to show up for the deposition at all. Well, every other court of appeal to consider that question has come out the other way and held that when legislative ---- Often with people who are being sued. And with third parties who are brought into court via third-party subpoenas. That's exactly what the D.C. Circuit has held. It's exactly what the Fourth Circuit has held. It's exactly what the Ninth Circuit has held. That legislative immunity applies to the same extent to non-parties and to parties when they have a legislative immunity claim. And there are two main reasons for it. The first reason is just from the text of the Speech or Debate Clause, which is a freedom from questioning in any other place, which means it's a testimonial immunity in the first instance. Not an immunity from a lawsuit, but an immunity from compelled testimony. And then the second reason why is because of the purposes of legislative immunity. Which apply exactly the same whether a legislator is a party or a non-party. All of the burden is the same. All of the interference with the legislative process is the same. And all of the desire to protect legislators from retaliation and harassment by their political opponents is the same, whether or not they are a party or a non-party witness. I may have lost track of my time. I think I'm eating into my... Oh, I think you are. It was my fault. I wasn't keeping track either. Yeah. If you'd like, I mean... We only have two minutes for rebuttal. I'll let you keep that. All right. And we'll turn to the closing count. Thank you, Your Honor. Your Honors, may it please the Court, Ryan Bosch for the Plaintiff's Appellees. I'd like to pick up where my colleague left off, which was to state that there are several cases of the D.C. Circuit, Ninth Circuit, and I think elsewhere he represented, that have held that non-parties possess an immunity. I think the cases that we've discussed in our brief say no such thing. In fact, the most precise statement that any of the courts, in my view, have said on this matter, the distinction between privilege and immunity, which you, Judge Pooler, asked my colleague about before, is that pages 16 and 17 of our brief in the D.C. Circuit and the Howard case very clearly distinguished between an immunity, which, as Judge Raji indicated, is immunity from suit, and the privileges that flow from the speech-debate clause and privileges that also arise under the common law. So I think it's crystal clear that when the courts have thought about these issues, when it's mattered, when they've decided to distinguish between privilege and immunity, they've clearly indicated that you only have a privilege from, for example, sitting for deposition, or only a privilege as non-parties. There's no such thing as an immunity for a non-party to object to sitting for a deposition. And take that a next step. That means that we don't have jurisdiction until the non-parties are in contempt and then they can take advantage of the collateral order doctrine. Is that your view? That's precisely right, Your Honor. And I think it's this Court's view as well. I mean, as Judge Friendly put it in the National Super Spots case I'm quoting here, one would suppose it to be beyond argument that despite Cohen and collateral order doctrine, an order compelling testimony in an ordinary civil or criminal action is neither a final order nor interlocutory order granting an injunction, and it is not appealable. And as Judge Friendly indicated in that case as well, the contempt requirement may make privileges somewhat harder to vindicate, but that doesn't matter. The contempt requirement exists nonetheless. It exists for everybody essentially. Of course, the Supreme Court has recognized one exception that really proves the rule, and that was for President Nixon. President Nixon didn't have to incur the contempt citation, but everybody else does. I mean, even this Court concluded in the Inouye Attorney General case, shortly after the Nixon case was decided, even the Attorney General of the United States does not enjoy an exception from sitting and incurring the contempt citation. So I don't see how it's plausible that these school district board members can enjoy some kind of special right that the Attorney General of the United States does not possess. How long has discovery been going on in this case? I'm sorry, Your Honor? How long has discovery been going on in this case? Well, discovery is closed now, and it's been left open for this one issue. Of course, we served subpoenas on the non-party board members February 13, 2018, and yet here we are today, a year and a half later, and we still haven't had a chance to depose them, notwithstanding that the lower court has said repeatedly that we have the right to do so. And I want to step back and emphasize one point, Your Honor, here, regarding the failure to sit for deposition. They have failed to sit for deposition entirely. It's not just that they've sat for deposition and interposed these objections on a question-by-question basis, as Your Honor has indicated that they could, and as the magistrate, Judge Blow, indicated that they could. They have refused to sit categorically. I don't see how the privilege, immunity, or whatever you call it could possibly reach that far. You know, there's a host of questions that we want to ask these board members that have literally nothing to do with the categories that are at issue in this appeal, so how could it possibly be that we haven't even been able to ask them those questions? They've refused to sit for deposition at all. Of course, they can object question-by-question if it impinges on the legislative immunity or privilege. On the legislative privilege, that's right, Your Honor. And we recognize that the magistrate judge so ordered, and the district judge confirmed that. Regarding jurisdiction, I'd like to point out one other thing that I don't think may have come through in our brief, and it is Footnote 1, the Gravel, the Supreme Court's, I'm sorry, Gravel decision. Of course, Gravel involved a non-party as well, and at Footnote 1, the Supreme Court observed that there may have been a problem with appellate jurisdiction, given that Gravel had not incurred a contempt citation and neither had his aid in that case. The Supreme Court ultimately concluded, it appears from Footnote 1, that the Court of Appeals nonetheless properly exercised jurisdiction because of the distinct Perlman exception. Of course, the Perlman exception is inapposite here. The board members haven't claimed that it applies, nor could it possibly apply. I'd also point, Your Honors, to one other case regarding the distinction between, I'm sorry, the availability of appeal for when you're dealing strictly with a discovery order. It's In Re Air Crash at Bell Harbor, and I think Judge Raji sat on the panel that decided that case, and it's very thorough regarding the possibilities of appeal when you're dealing strictly with a discovery order, and it discusses the Perlman exception, it discusses the contempt requirement, it even discusses Nixon. I think it explains clearly why the board members here cannot appeal and why this court lacks jurisdiction. If I may, Your Honors, I'd also like to speak to the merits very briefly here. Of course, as I indicated before, you know, at a 50,000-foot level, the board members haven't sat for deposition at all. They haven't invoked the privilege on a question-by-question basis. They've turned over some documents, though, haven't they? That's right. They have turned over documents regarding the same categories that they now claim the legislative privilege covers. Of course, we argue that they've waived their argument that these categories concern legislative privilege. That's because the magistrate judge concluded in April of 2018 that these categories don't implicate legislative privilege. They didn't challenge that order. In October, they got back before the magistrate judge, and at Appendix 89, the magistrate judge in October indicated she's not going to revisit the question of whether these categories concern legislative privilege. Then at Page Appendix 96, the district judge said she's not going to do so either. Really, the board members didn't even try to bring those issues to the district judge's attention. The district judge said, I think, you know, to the extent they're making arguments about the categories, I'm not going to consider it. If you look at their brief to the district judge. It's obviously still open because the judge said that he would entertain question-by-question objections. So I don't think you can argue that the district court considered it all closed. It was prepared to entertain it. To the extent you want to discuss the merits, explain to me how questions about the appointment of interim members doesn't implicate legislative privilege. It seems to me that they have to vote to put in their other members, and those are people who themselves will then vote on legislation. That seems to me a lot more closely tied to legislative activity than perhaps some of the other questions you've proposed to ask. Why should that be permitted? So I think there's several reasons, Your Honor. First, of course, we haven't asked any questions yet and haven't interposed objections yet, so it makes this question in the abstract pretty difficult. But one thing I'd like to say is that we want to ask a host of questions about the appointments process that has nothing to do with their voting, for example. It ultimately goes to the fact that they voted to fill vacancies, and you want to ask them about things leading to that process, and it is clear that the legislative privilege and immunity does encompass anything related to legislative action. I mean, it's certainly happened, but I don't understand how those inquiries about voting for vacancies within the legislative body don't start to implicate the privilege. So two responses, Your Honor. The first response is we want to ask a host of questions that don't go strictly towards voting, because what does this process look like? It's not all a matter of public record, and we want to build our factual understanding. Do you submit an application? Are you interviewed? What does that process really look like? One of the board members that's an appellant in this case was actually an interim appointment, so we think he'd have some really interesting information. That would go to, you know, before you voted on the Clean Water Act, what did you read before you voted? Who did you speak to? I mean, this starts to be more troubling. Of course, if we don't have jurisdiction, you can take your chances on this for another day, but I just think that this is an area where if we were to reach the merits, I might press you more. Well, Your Honor, if I may just respond briefly as to my time is up, just one matter on the appointments issue is that, you know, if the board were to, for example, vote on who their next clerk would be, I think the Harhaig case very clearly says, you know, notwithstanding the vote, it's just not a legislative act. Not everything that occurs in this body is a legislative act. And so I see my time is up. I'd leave it at that. We ask you, of course, to dismiss the appeal or else affirm the lower court. Thank you. Thank you, Your Honors. Mr. Levine, you have two minutes for rebuttal. Thank you, Your Honor. I just want to focus the Court's attention on the jurisdictional question, because if it is — if the district court was correct that nonparties can never invoke legislative immunity and the only protection they have is an evidentiary privilege similar to — Always invoke it. The question is whether they have to take contempt before they can appeal it. They can always invoke it. If legislators can invoke legislative immunity as a defense to a third-party subpoena as nonparties, then under the collateral order doctrine, they don't have to take a contempt to be able to appeal, the same way a defendant wouldn't have to take a contempt to be able to appeal from a discovery order. The rule is the same, and the factors under the collateral order doctrine work exactly the same, whether you're a party or a nonparty, as long as the rule is that a nonparty can invoke legislative immunity as a defense to third-party discovery, as other courts have held. The difference between parties and nonparties is that nonparties don't face civil liability. Well, they will if they have to take a contempt, but — I mean on the underlying action on which they're asked to testify. They don't need immunity from liability since there can't be liability if they're nonparties. Do you understand that distinction? I understand that distinction. It's just not relevant to the question of whether they have legislative immunity from third-party discovery, because legislative immunity is broader than just a defense to liability. It includes a whole suite of protections, including immunity from discovery. That's what it means to be immune not just from liability, but immune from suit. Well, any of that is disputed. The only question is what gets you to the court of appeals. The assertion of a legislative immunity defense to a third-party subpoena being overruled by the district court judge exactly the same way that if a district court judge overruled the legislative immunity objection to a discovery request asserted by a party. Well, you know, in Spuds, judges are saying it's a case of an invocation of executive immunity. So now I'm not sure where you get the principle that a nonparty can invoke a privilege and without taking a contempt invoke our jurisdiction. You raise an important point about national supersponse, which is it was about an executive privilege. It was about the deliberative process privilege, which is just an evidentiary privilege. It's not rooted in immunity. It doesn't come from the speech or debate clause. It hasn't been given the same kind of protection, and under the collateral order doctrine as a result, there's no right of immediate appeal. But that's not true when we're talking about an absolute immunity doctrine. So, for example, whether you're a legislator entitled to absolute immunity or a federal judge entitled to absolute immunity, one of the rights conferred is the ability to assert immunity as a defense to third-party discovery and to have an immediate appeal from an order enforcing that subpoena. Just so that we're clear, your client's privilege derives from common law and not from the speech and debate clause. Isn't that right? Well, that's correct. Just so that we, you know, don't get too sloppy here, you wanted to draw a distinction between executive and legislative privilege, but there's a distinction between the common law privilege and a constitutional one. There is a legal distinction. The Supreme Court held in Bogan that the rationale of the speech or debate clause applies to state and local legislators, and this court held in Star Distributors that the immunity applies on a parity with federal legislators. I understand that we look to that, but it's not a constitutional privilege. It has parallels and all that, but it's not constitutional. Well, granted. However, the protection it provides is the same, and in this context it's important because the protection is a protection from litigation in total, from discovery, from, you know, even initiating the process against the immune official, whereas unlike, you know, that's different from what happened in national super spuds. That's different from an evidentiary privilege like attorney-client privilege or like the deliberative process privilege. And, in fact, the deliberative process privilege framework doesn't work very well in the legislative immunity context because it's about preserving confidentiality, but legislative immunity isn't about confidentiality. Legislative immunity protects activities that occur within the legislative process. So there's legislative immunity for proposing a law. Everybody knows about proposing a law. It's not confidential. You still have immunity. So it's an entirely different doctrine, and the rules that would apply to the evidentiary privilege don't work in this context. So applying the ordinary factors of the collateral immunity doctrine, rather the collateral order doctrine, gets you to the same place whether you are a party or a non-party, and that means this court has jurisdiction. Thank you. Thank you, counsel. Thank you both. We'll reserve the decision, mindful of the fact that this dispute has gone on for a long time. Thank you.